·JOHN T. McLAUGHLIN v. THE MAYOR AND COUNCIL OF THE CITY OF BAYONNE.

Argued February 27, 1907—Decided June 10, 1907.

The plaintiff brought suit to recover of a city municipality the balance due on a contract for plumbing, gas fitting, &c., in a new police station-house, and also for a bill of charges for extra work outside of the specifications. The payment of the extras was resisted on the ground that they were not ordered as required by the provisions of the contract. There was a clause in that writing which prohibited any extra work being done without a resolution of the city council and an express agreement in writing between the parties as to the cost to be added to the contract price for the same. A further provision in the instrument, under the heading of "Sub-contractor—Notice," was that should the owner at any time desire any variation of the work, or any additional work executed, the same might be proceeded with after the architect or owners should order the same, in writing, stating, when possible, the price to be paid thereto. At the trial the court directed a verdict for the extras, if the evidence showed the architect's order in writing for the extra work, without a resolution of the city being first passed authorizing the same. *Held*, on review, that the latter proviso applied to sub-contractors only, and that the proviso first named was binding upon the contracting parties here, and that unless plaintiff would remit from the verdict the amount of the extras, it must be set aside and a new trial granted.

On rule to show cause.

Before Justices FORT, HENDRICKSON and PITNEY.

For the rule, *William D. Edwards.*

*Contra, Elmer W. Demarest.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff obtained a verdict in the above cause at the Hudson Circuit for $1,713.39. Of this amount, $1,405.59 was admitted to be due the plaintiff for the balance due him, with interest, under a contract with the city for plumbing, gas fitting and heating in the police station-house lately erected in said city. The balance of the verdict, $307.80, represents a charge for certain extras incurred by variations and additions to the work provided by the specifications, the payment of which is resisted by the city on the ground that no legal liability for such payment exists, and that none was shown at the trial. The plaintiff claims that the items for extra work were incurred in accordance with the provision of the contract. It is therein provided that such alterations or additions may be made should the city, through its committee, during the progress of the work, so desire, the contract price to be added to or subtracted from according to changes made, with the proviso added "that no extra work shall be had or done without a resolution of said city and an express agreement in writing between the parties hereto as to the cost, to be. added to the price of this contract because of such extra work." There was a further clause in the contract under the heading "Sub-contractor—Notice," which reads as follows:

"Should the owner at any time desire any variation of the work as planned and specified, or should the owners desire any additional work executed, the same shall be proceeded with, after the architect or owners shall order it in writing and stating, when possible, the price to be paid thereto."

The case shows, and it is admitted, that the extra work was not authorized by a resolution of the mayor and council of the city, but that it was ordered by the architect in writing.

When the learned trial judge came to deal with the case in his charge he instructed the jury that, as to the legal question raised whether any recovery can be had without such a resolution, or whether under a later clause in the contract the plaintiff is entitled to rely upon the mere writing of the architect, he had resolved that question for the present in favor of

the plaintiff, and directed the jury that if they found the orders were given by the architect in writing, and that the work was done properly, and the charges for those items were either fixed by the writings, or were reasonable charges, they should find those amounts in favor of the plaintiff, in addition to the balance of the contract price. We think there was error in this construction of the contract in question. Our view is that the provision first named applies to this contract, and that the other provision applies to sub-contractors only, declaring their obligation to the contractor and to the owner. And by fair intendment, we think the phrase in the sub-contractor notice, "should the owners desire any additional work executed," imports that the desire of the owners in this case should be evidenced by a resolution of council, as provided in the main portion of the contract.

But the plaintiff contends also that the verdict should be sustained on the ground of ratification; that as the evidence shows that the city council, by paying the bill of the architect for his five per cent. commission on the cost of the work, which included the item of extras, this amounts to a ratification of the extra work, or at least was evidence from which a jury could infer ratification. Without expressing any opinion upon the merits of this question, it is proper to say that it is not now before us, for the reason that the trial judge expressly charged the jury to the contrary of this contention, and we cannot sustain the verdict on a legal theory directly opposed to the judge's instructions, for that would deprive the city of its right of review. The result is that the rule to show cause must be made absolute, unless the plaintiff will consent to remit $307.80 from the amount of the verdict. If the plaintiff will so remit, the rule will be discharged. In any event, the city is entitled to costs upon this rule.